## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LESLIE D. MOLLETT,                    :

              **Plaintiff**          :     **CIV. ACTION NO. 3:25-CV-185**

              **v.**               :          **(JUDGE MANNION)**

JACQUES LECLERC, *et al.*,            :

         **Defendants**         :

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

### I.    BACKGROUND

Plaintiff, Leslie D. Mollett, brings the instant case pursuant to 42 U.S.C. §1983, alleging that defendants, various employees of Frackville State Correctional Institution ("SCI-Frackville"), the Pennsylvania Department of Corrections ("DOC"), and subcontractors of the DOC and SCI-Frackville, violated his civil rights by providing deficient medical care. (Doc. 1).

According to the allegations in the complaint, Mollett began experiencing abdominal pain in 2018, and was taken to an outside hospital for renal failure. (*Id.* at 7). An unnamed individual in the hospital purportedly

told Mollett that his bladder was the "size of Texas." (*Id.*) Mollett's condition worsened in the ensuing years, during which he saw "the defendants" for medical care numerous times. (*Id.*) Unnamed individuals purportedly told Mollett that he could not be given surgery because of the financial cost of the operation. (*Id.*) Ultimately, the surgery that was purportedly necessary to correct Mollett's condition was delayed until March 2023. (*Id.*) Mollett was forced to use a catheter for the five years during which he waited for his surgery. (*Id.*) Mollett alleges that defendants' actions constituted deliberate indifference to a serious medical need in violation of the Eighth Amendment and seeks monetary damages. (*Id.* at 8).

## II.    DISCUSSION

The court has screened plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)[1] and 28 U.S.C. §1915A[2] and concludes that it fails to state a claim upon which relief may be granted.

---

[1] 28 U.S.C. §1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. §1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

Mollett's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat*

4

superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather,

for a supervisor to be liable for the actions of a subordinate, there must be

allegations of personal direction or actual knowledge and acquiescence. *Id.*

Mollett's complaint plainly fails to state a claim upon which relief may

be granted because it fails to allege the personal involvement of any

defendant. The complaint alleges that Mollett saw "the defendants" for

medical care on numerous occasions, but does not make any specific

allegations as to when he saw each defendant and what each defendant did

or said during the appointment, nor does the complaint make any allegations

that could establish that defendants were personally involved in the alleged

civil rights violations as supervisors. (*See generally* Doc. 1). It also cannot

simply be assumed based on the defendants' professional roles that they

were involved in Mollett's medical care in some way: among others, his

complaint names as defendants various grievance officers employed by the

DOC as well as a "barber instructor." (*See id.* at 5-6). Thus, his complaint will

be dismissed without prejudice for his failure to allege the defendants'

personal involvement.

Before dismissing a civil rights claim for failure to state a claim, a district

court must permit a curative amendment unless the amendment would be

inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d

Cir. 2008). The court will grant Mollett leave to file an amended complaint because it cannot say as a matter of law at this stage of litigation that amendment would be inequitable or futile.

## III.    CONCLUSION

For the foregoing reasons, the court will dismiss Mollett's complaint without prejudice and grant him leave to file an amended complaint. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 3/14/25
25-185-01